UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| A & M TOWING & RECOVERY, INC. | : | CIVIL CASE NO. |
| AND R & M RECYCLERS, INC. | : | 3:11-CV-01377 (JCH) |
|     Plaintiffs, | : | |
| | : | |
| v. | : | APRIL 9, 2012 |
| | : | |
| STONINGTON INSURANCE CO. | : | |
|     Defendant. | : | |

**RULING RE:  DEFENDANT'S MOTION TO DISMISS (DOC. NO. 20)**

**I.    INTRODUCTION**

Plaintiffs, A & M Towing & Recovery, Inc. ("A & M") and R & M Recyclers, Inc. ("R & M") bring this case against Stonington Insurance Co. ("Stonington"), alleging that Stonington breached an insurance contract between the parties.  Stonington moved to dismiss, on the grounds that the court lacks subject matter jurisdiction because the plaintiffs lack standing to bring this claim, and because the claim is not ripe for adjudication.

**II.    FACTUAL BACKGROUND[1]**

In 2010, A & M and/or R & M purchased personal property and fixtures at an auction run by Capital Recovery Group, LLC ("CRG"), an appraisal and auction company.  Amd. Compl. ¶ 5–7.  Pursuant to CRG's agreement with the owner of the property that was auctioned, "A & M and/or R & M" had a period of time during which they could go onto the property, located at 3418 Fox Street in Philadelphia, PA, and remove the property they had purchased.  Id. ¶ 9.  Prior to doing so, A & M and R & M

---

[1] For purposes of this Motion to Dismiss, the court takes the facts alleged in the plaintiff's complaint, affidavit, and exhibits as true and draws all inferences in plaintiff's favor.  See Lunney v. United States, 319 F.3d 550, 554 (2d Cir.2003).

1

had to provide CRG with a Certificate of Insurance, demonstrating insurance coverage for any damage caused while removing the property. Id. ¶ 10. A & M and R & M provided CRG with such certificates, issued by Stonington, demonstrating that A & M and R & M had appropriate insurance coverage for any property damage. Id. ¶ 11.

On or about September 8, 2010, while removing the purchased property, an employee of A & M, who also provided services for R & M, accidentally struck insulation containing asbestos, and released asbestos into the air. Id. ¶ 12. As a result of this damage, CRG claimed it was obligated by its agreement with the building owner to protect the owner from damage caused to the building and from any damage or liability resulting from the negligence of CRG or any contractor or purchaser of property at the auction. Id. ¶ 15. Consequently, CRG remediated the asbestos problem at a cost of approximately $130,000, plus attorneys' fees. Id. ¶ 16–17.

On October 7, 2010, CRG sent a demand letter to A & M and R & M, notifying them of the asbestos release and seeking reimbursement for the costs of remediation. Id. ¶ 20; Freitas Aff., Ex. 1. Plaintiffs then notified Stonington of the damage, seeking coverage under the insurance policy. Amd. Compl. ¶ 22–23. Stonington, however, denied the claim, and has refused to pay for the damage and related costs. Id. ¶ 24.

### III. LEGAL STANDARD

In deciding a motion to dismiss, the court accepts the allegations of the Complaint as true and construes them in a manner favorable to the pleader. Hoover v. Ronwin, 466 U.S. 558, 587, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984); Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir.1998). The court must draw all reasonable

inferences in the plaintiff's favor.  See, e.g., Lunney v. United States, 319 F.3d 550, 554 (2d Cir.2003) (discussing Rule 12(b)(1) motion to dismiss).

A case is properly dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000).  In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint."  Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citing Scheuer, 416 U .S. at 236).  On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint.  Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir.1993). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits."  Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir.2000).

**IV.   DISCUSSION**

Stonington asserts that the plaintiffs lack standing to bring their claim because they cannot demonstrate they have been injured as a result of the actions set forth in the Amended Complaint.  Mem. Supp. Mot. at 5–8.  Further, Stonington contends that the plaintiffs' claim is not ripe for review.  Id. at 8–9.

Standing and ripeness are closely related doctrines that overlap in the requirement that a plaintiff's injury must be imminent rather than conjectural or hypothetical.  See New York Civil Liberties Union v. Grandeau, 528 F.3d 122, 130, n. 8

(2d Cir. 2008). Ripeness is a justiciability doctrine concerned with the timing of a lawsuit, and stems from the "constitutional requirement that federal courts adjudicate only cases and controversies." Twin City Fire v. Innovative Aftermarket Sys., 597 F. Supp. 2d 295, 297–98 (D. Conn. 2009). The basic rationale behind the ripeness doctrine is to prevent the courts from involving themselves in abstract disagreements. See id. at 297. "A matter 'is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Id. (quoting Texas v. United States, 523 U.S. 296, 300 (1998)). In determining whether a case is ripe for review, courts evaluate the fitness of the issues for judicial determination and the hardship to the parties of withholding court consideration. See id.

Here, Stonington argues that the plaintiffs' claim is not ripe for review because the plaintiffs have not demonstrated that they have been sued by CRG, or suffered any damages related to the claims alleged in the Amended Complaint. See Mem. Supp. Mot. at 7–9. In response, plaintiffs contend that "there has definitely been a real claim set forth against them by CRG" in the form of a demand letter, and that "there is no doubt that plaintiffs are liable to CRG for damages." See Mem. Opp. Mot. at 4. Plaintiffs acknowledge, however, that CRG has not instituted a lawsuit against them. See id.

The plaintiffs' insurance policy provides that Stonington "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Mem. Supp. Mot., Ex. 1 at 1. Further, Stonington "will have the right and duty to defend the insured against any 'suit' seeking those damages." Id. "Suit" is defined to mean "a civil proceeding in which

damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged," including arbitration proceedings and any other alternative dispute resolution proceeding to which the insured submits, with Stonington's permission.  Id. at 15.

     To state a claim for breach of contract in Connecticut, a plaintiff must allege the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages.  See Bross v. Hillside Acres, Inc., 92 Conn. App. 773, 780–81 (2006).  Generally, courts acknowledge that a conventional demand letter does not carry the same consequences as a traditional civil lawsuit.  See, e.g., Northern Sec. Ins. Co. v. Mitec Telecom, Inc., 38 F. Supp. 2d 345, 348–49 (D. Vt. 1999) (finding that traditional demand letters do not constitute the equivalent of a suit because private parties lack the ability to substantially affect the plaintiffs' rights and obligations); Samson v. Allstate Ins. Co., 949 F. Supp. 748, 751 (N.D. Cal. 1996) (noting that "the garden variety demand letter . . . only exposes one to a potential threat of future litigation").  Plaintiffs here acknowledge that CRG has not instituted a lawsuit against them, and make no allegation that they have expended any money as a result of the asbestos release.  At this juncture, any damages awarded to the plaintiffs would be based on speculation that CRG may make a claim against the plaintiffs to seek repayment for its remediation costs sometime in the future.  Consequently, the plaintiffs' claim is not ripe for judicial review, as the plaintiffs' asserted damages rest on anticipated, but uncertain, future events.

     This Ruling should not be interpreted to hold that Stonington will never be obligated to pay the plaintiffs' costs as a result of the asbestos release.  Rather, the

court merely holds that, at this time, the plaintiffs' claim is not ripe for adjudication because the plaintiffs have not alleged that they have suffered any damages as a result of the asbestos release. Further, it is unclear whether CRG will pursue such payment from the plaintiffs, thereby creating a situation that may then cause the plaintiffs to incur such damages.

### V. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss (Doc. No. 20) is **granted**.

**SO ORDERED**

Dated at Bridgeport, Connecticut, this 9th day of April, 2012.

                                                /s/ Janet C. Hall
                                                Janet C. Hall
                                                United States District Judge